# EXHIBIT B

11/22/2019 4:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38749795
By: SHANNON NORTH-GONZALEZ
Filed: 11/22/2019 4:37 PM

Receipt Number: 851874
Tracking Number: 73696906

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201982527

| | |
|---|---|
| PLAINTIFF: PATTERSON, BARBARA | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY (TEXAS INSURANCE COMPANY) BY SERVING IT REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE.

This instrument was filed on November 14, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 15, 2019.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: ILIANA PEREZ

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432

Bar Number: 24079587

Tracking Number: 73696906
EML

CAUSE NUMBER: 201982527

| | |
|---|---|
| PLAINTIFF: PATTERSON, BARBARA | In the 133rd |
| vs. | Judicial District Court |
| DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _3:00_ o'clock _P_ M., on the _20th_ day of _NOVEMBER_ , 20 _19_
Executed at (address) _805 Bryan St Ste 900, Dallas, TX 75 201_
in _DALLAS_ County
at _3:43_ o'clock _P_ M., on the _20th_ day of _NOVEMBER_ , 20 _19_
by delivering to _UNITED PROPERTY & CASUALTY BY SERVING ITS R/H CT CORP_ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____ , 20 ___ .

FEE: $ _____

_GENE ROGERS_
_exp. 16.5% of AP 4-30-21_

County, Texas

Affiant                    By: _____ Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _22nd_ of
_November_ , 20 _19_

_Heather Bork_
Notary Public

HEATHER L BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

11/14/2019 11:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38491079
By: D Burton
Filed: 11/14/2019 11:20 AM

# 2019-82527 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| BARBARA AND DAVID PATTERSON, | § | IN THE JUDICIAL COURT OF |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | |
| | § | |
| UNITED PROPERTY & CASUALTY | § | HARRIS COUNTY, TEXAS |
| INSURANCE COMPANY AND KEVIN | § | |
| BROOKS, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | DISTRICT COURT |

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Barbara and David Patterson, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC") and Kevin Brooks ("Brooks") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiffs, Barbara and David Patterson, reside in Harris County, Texas.

3.     Defendant, United Property & Casualty Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon United Property & Casualty Insurance Company through its registered agent for service:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas**

**75201**.  Plaintiffs request service at this time.

4.   Defendant Kevin Brooks is an individual resident of Aledo, Texas.  Brooks may be served

with citation at the address listed with the Texas Department of Insurance: **1312 Greenleaf**

**Drive, Aledo, Texas 76008**.  Plaintiffs request service at this time.

## JURISDICTION

5.   The Court has jurisdiction over UPC because this Defendant engages in the business of

insurance in the State of Texas, and the causes of action arise out of UPC's business

activities in the state, including those in Harris County, Texas, with reference to this

specific case.

6.   The Court has jurisdiction over Brooks because this Defendant engages in the business of

adjusting insurance claims in the State of Texas, and the causes of action arise out of this

Defendant's business activities in the State of Texas, including those in Harris County,

Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Harris County, Texas because the insured property is located in Harris

County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred

in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of

the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiffs own an United Property & Casualty Insurance Company homeowner's insurance

policy, number 43100251927801 ("the Policy").  At all relevant times, Plaintiffs owned

the insured premises located at 303 Magic Oaks Ct. Spring, Texas 77388 ("the Property").

10. UPC or its agent sold the Policy, insuring the Property, to Plaintiffs.  UPC or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property.  UPC has refused the full extent of that coverage currently owed to Plaintiffs.

11. On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Spring, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to UPC against the Policy for damage to the Property.   UPC assigned claim number 2019TX123373 to Plaintiffs' claim.

13. Plaintiffs asked UPC to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows and window screens.

15. UPC assigned or hired Kevin Brooks to adjust the claim.

   a. Brooks had a vested interest in undervaluing the claims assigned to him by UPC in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Brooks. The valuation of damages that were included in Brooks's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Brooks.

   b. Furthermore, Brooks was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Brooks had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

3

    c.   Brooks made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d.   Brooks made further misrepresentations to Plaintiffs during his inspection. Brooks used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.    UPC, through its agents, namely Brooks, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.    The initial adjustment of the claim occurred on or around June 19, 2019. Brooks found that there was no damage from a covered peril to the roof of the property.

18.    After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

19.    To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $25,456.56.

20.    Since due demand was made on September 4, 2019, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim

4

properly, UPC failed to provide full coverage due under the Policy.

22.     As a result of UPC's failure to provide full coverage, along with UPC's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23.     UPC failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, UPC refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between UPC and Plaintiffs.

25.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

26.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, UPC, through its agents, servants, and representatives, namely Brooks, performed an outcome-oriented

investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

30.     Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

31.     All allegations above are incorporated herein.

32.     UPC is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiffs.

33.     UPC's failure and/or refusal to pay adequate coverage as obligated under the terms of the

        Policy, and under the laws of the State of Texas, constitutes a breach of the insurance

        contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair

        Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are

        actionable by TEX. INS. CODE §541.151.

36.     UPC's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to

        coverage constitutes an unfair method of competition and a deceptive act or practice in the

        business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair,

        and equitable settlement of the claim, even though liability under the Policy was reasonably

        clear, constitutes an unfair method of competition and a deceptive act or practice in the

        business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     UPC's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable

        explanation of the basis in the Policy, in relation to the facts or applicable law, for partial

        denial of the claim, constitutes an unfair method of competition and a deceptive act or

        practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     UPC's unfair settlement practice of failing within a reasonable time to affirm or deny

        coverage of the claim to Plaintiffs constitutes an unfair method of competition and a

        deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     UPC's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a

reasonable investigation constitutes an unfair method of competition and a deceptive act or

practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt

Payment of Claims.  All violations made under this article are actionable by TEX. INS.

CODE §542.060.

43.     UPC's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim

within the applicable time constraints constitutes a non-prompt payment in violation of

TEX. INS. CODE §542.056.

44.     UPC's delay in paying Plaintiffs' claim following receipt of all items, statements, and

forms reasonably requested and required, for longer than the amount of time provided,

constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     UPC's conduct constitutes a breach of the common-law duty of good faith and fair dealing

owed to an insured in insurance contracts.

47.     UPC's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim,

although, at that time, UPC knew or should have known by the exercise of reasonable

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith

and fair dealing.

## DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

49.   UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act
("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and
services provided by UPC pursuant to the DTPA.  Plaintiffs have met all conditions
precedent to bringing this cause of action against UPC.  Specifically, UPC's violations of
the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2),
(5), (7), (9), (12), (20) and (24) of the DTPA.  UPC's violations include without
limitation, (1) unreasonable delays in the investigation, adjustment, and resolution
of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3)
failure to pay for the proper repair of Plaintiffs' property when liability has become
reasonably clear, which gives Plaintiffs the right to recover under section
17.46(b)(2).

B.   UPC represented to Plaintiffs that the Policy and UPC's adjusting and investigative
services had characteristics or benefits that they did not possess, which gives
Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   UPC also represented to Plaintiffs that the Policy and UPC's adjusting services
were of a particular standard, quality, or grade when they were of another, in
violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, UPC advertised the Policy and adjusting services with the intent not
to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

9

E.    UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    UPC's actions are unconscionable in that UPC took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   UPC's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.    UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiffs' damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51.   All allegations above are incorporated herein.

52.   UPC is liable to Plaintiffs for common-law fraud.

53.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and UPC knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.   UPC made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT KEVIN BROOKS

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.   All allegations above are incorporated herein.

56.   Brooks's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.   Brooks is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of UPC, because Brooks is a "person," as defined by TEX. INS. CODE §541.002(2).

58.   Brooks knowingly underestimated the amount of damage to the Property.  As such, Brooks failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.   Furthermore, Brooks did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.   Brooks's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.   Brooks's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

11

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   Brooks's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Brooks pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Brooks.  Specifically, Brooks's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Brooks has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Brooks's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Brooks represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Brooks represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Brooks's actions are unconscionable in that Brooks took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Brooks's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Brooks's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.    Each of Brooks's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Brooks, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### FRAUD

65.    All allegations above are incorporated herein.

66.    UPC assigned or hired Brooks to adjust the claim.

a.    Brooks had a vested interest in undervaluing the claims assigned to him by UPC in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Brooks. The valuation of damages that were included in Brooks's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Brooks.

b.    Furthermore, Brooks was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. Brooks had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.    Brooks made misrepresentations as to the amount of damage Plaintiffs' Property

13

sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

d. Brooks made further misrepresentations to Plaintiffs during his inspection. Brooks used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

**NEGLIGENCE**

67.   All allegations above are incorporated herein.

68.   Brooks was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

c. Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

d. Failure to identify the cost of proper repairs to Plaintiffs' Property; and

e. Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

69.   Brooks's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

70.   At all relevant times, Brooks was an agent or employee of Defendant UPC.

14

71.   Brooks's unreasonable inspection was performed within the course and scope of his duties with Defendant UPC. Therefore, UPC is also liable for the negligence of Brooks through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72.   All allegations above are incorporated herein.

73.   Brooks's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a.   Brooks's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

   b.   Brooks had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.   Brooks intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of UPC. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

15

## WAIVER AND ESTOPPEL

76.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

77.    Since the claim was made, UPC has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.    Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

79.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80.    For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81.     The damage to Plaintiffs' Property is currently estimated at $25,456.56.

82.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.     For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money UPC owed, and exemplary damages.

85.     Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.     For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the

appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, United Property & Casualty Insurance Company and Kevin

Brooks, be cited and served to appear, and that upon trial hereof, Plaintiffs,  Barbara and David

Patterson, have and recovers from Defendants, United Property & Casualty Insurance Company

and Kevin Brooks, such sums as would reasonably and justly compensate Plaintiffs in accordance

with the rules of law and procedure, as to actual, consequential, and treble damages under the

Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiffs, Barbara and David Patterson, may show Plaintiffs are justly

entitled.

19

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com


ATTORNEYS FOR PLAINTIFFS

20

11/13/2019 11:20:20 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38491079
By: BURTON, DANCHELLE
Filed: 11/14/2019 11:20:20 AM

### 2019-82527 / Court: 133
## Marilyn Burgess –Harris County District Clerk
#### Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

Name(s) of Documents to be served: **Plaintiffs' Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: **November 14, 2019**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to: **United Propery & Casualty Insurance Company**
Address of Service: **CT Corporation System, 1999 Bryan Street, Suite 900**
City, State & Zip: **Dallas, Texas 75201**

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ( $12.00)** | ☐ **Capias (not an E-Issuance)** | | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ( $12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)**_____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☐ **CONSTABLE**
☐ **MAIL to attorney   at:**_____

☐ **CERTIFIED MAIL by District Clerk**   ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:)** <u>CAPIAS is not an E-Issuance Option</u>
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
**Phone: (469) 291-5005**

☒ **OTHER,** *explain* email cmccullough@cwilsonlaw.com

Issuance of Service Requested By: Attorney/Party Name: **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Unofficial Copy Office of Marilyn Burgess District Clerk

11/14/2019 11:20:20 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No. 38491079
By: BURTON, DANCHELLE
Filed: 11/14/2019 11:20:20 AM

## 2019-82527 / Court: 133
## Marilyn Burgess –Harris County District Clerk
### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

Name(s) of Documents to be served:  **Plaintiffs' Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: **November 14, 2019**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to:  **Kevin Brooks**
Address of Service:  **1312 Greenleaf Drive**
City, State & Zip: **Aledo, Texas 76008**

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | Newspaper_____ | |
| ☐ **Temporary Restraining Order** | ☐ Precept | | ☐ Notice |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ( $12.00)** | ☐ **Capias (not an E-Issuance)** | | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ( $12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)**_____ | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____  ☐ **CONSTABLE**
☐ **MAIL to attorney** at:_____

☐ **CERTIFIED MAIL by District Clerk**  ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
Phone: (469) 291-5005

☒ **OTHER,** *explain* email cmccullough@cwilsonlaw.com

Unofficial Copy Office of Marilyn Burgess District Clerk

Issuance of Service Requested By: Attorney/Party Name:  **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Unofficial Copy Office of Marilyn Burgess District Clerk

12/18/2019 12:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39356057
By: SHANNON NORTH-GONZALEZ
Filed: 12/18/2019 12:56 PM

**CAUSE NO: 2019-82527**

| | | |
|---|---|---|
| **BARBARA AND DAVID PATTERSON,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY and KEVIN** | § | |
| **BROOKS,** | § | |
| *Defendants.* | § | **133RD JUDICIAL DISTRICT** |

## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property") to file its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election"), and would show the Court as follows:

### I.
### Relevant Background

1.      On or about June 17, 2019, Plaintiffs Barbara and David Patterson ('Plaintiffs") filed insurance claim number 2019TX123373 (the "Claim") to recover insurance benefits for damage to their home allegedly caused by hail. The Claim was adjusted by one or more individuals at Defendant United Property, including Defendant Kevin Brooks ("Mr. Brooks"). Mr. Brooks is an employee of United Property, and is thus considered an "agent" under Section 542A.001 of the Texas Insurance Code.

2.      Under this statutory section, agent is defined as "an employee, agent, representative, or adjuster who performed any act an insurer." Tex. Ins. Code 542.001(1).

3.      On November 14, 2019, Plaintiffs filed this suit over the Claim and named United Property and Kevin Brooks as defendants.

## II.
## ELECTION

4.      Under Section 542A.006(a) of the Texas Insurance Code, United Property hereby elects to accept legal responsibility for whatever liability Kevin Brooks might have to Plaintiffs for his alleged acts and/or omissions related to the Claim, and by this pleading Plaintiffs are hereby provided with written notice of United Property's Election under Section 542A of the Texas Insurance Code.

## III.
## DISMISSAL WITH PREJUDICE

5.      As a result of United Property's Election, Section 542A.006(c) of the Texas Insurance Code mandates that Plaintiffs' claims against Mr. Brooks be dismissed with prejudice to re-file. *See* Tex. Ins. Code § 542A.006(c). On this point, the Texas Insurance Code explicitly states:

> If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election . . . with respect to the agent, **the court shall dismiss the action against the agent with prejudice**.

Tex. Ins. Code § 542A.006(c) (emphasis added).

6.      Thus, pursuant to Section 542A.006(c ), all claims against Mr. Brooks must be dismissed.  Therefore, United Property respectfully requests that this Court enter all such documents and orders necessary to effectuate the dismissal. United Property has simultaneously filed with this Election, a proposed order of dismissal with prejudice of all claims against Mr. Brooks.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant United Property & Casualty Insurance Company prays that this Court take notice of the filing of its Election of Legal Responsibility, and thereafter enter an order dismissing all claims and/or causes of action in this suit against Defendant Kevin Brooks with prejudice to re-file, as mandated under Chapter 542A of the

Texas Insurance Code. United Property & Casualty Insurance Company further prays that this Court

grant any and all such further relief to which it is entitled at law or in equity.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Sarah R. Smith

    Sarah R. Smith
    Texas State Bar No. 24056346
    David A. Talbot, III
    Texas State Bar No. 24037580
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    david.talbot@lewisbrisbois.com
    ATTORNEYS FOR DEFENDANT,
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure by electronic filing, certified mail, regular mail, and/or facsimile on this 18th day of December, 2019.

Chad T. Wilson
Thomas J. Landry
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
*Attorneys for Plaintiffs*

*Via E-Service: eservice@cwilsonlaw.com;*
*cwilson@cwilsonlaw.com;*
*tlandry@cwilsonlaw.com*

/s/ David A. Talbot, III
David A. Talbot, III

12/18/2019 12:56:06 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39356057
By: NORTH, SHANNON
Filed: 12/18/2019 12:56:06 PM

CAUSE NO: 2019-82527

| | | |
|---|---|---|
| BARBARA AND DAVID PATTERSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and KEVIN | § | |
| BROOKS, | § | |
| *Defendants.* | § | 133RD JUDICIAL DISTRICT |

### ORDER OF DISMISSAL OF DEFENDANT KEVIN BROOKS PURSUANT TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

ON THIS DAY, Defendant United Property & Casualty Insurance Company's Election of Legal Responsibility Pursuant to Section 542A.006 of the Texas Insurance Code ("Election") came before this Court. The Court finds that the Election complies with the requirements of foregoing statute and United Property & Casualty Insurance Company has accepted legal responsibility for its agent, Kevin Brooks.

It is therefore **ORDERED**, **ADJUDICATED** and **DECREED** that all claims and causes of action brought against Defendant Kevin Brooks in the above referenced and enumerated action are hereby **DISMISSED** with prejudice to refile same.

It is further **ORDERED**, **ADJUDICATED**, and **DECREED**, that any and all relief sought against Defendant Kevin Brooks that is not expressly stated herein, is hereby, in all things, **DENIED** with prejudice.

It is further **ORDERED**, **ADJUDICATED**, and **DECREED**, that the costs of court herein or any related claim or cause of action brought against Kevin Brooks shall be borne by the party incurring the same.

SIGNED on this the ___ day of December 2019.

_____
JUDGE PRESIDING

4842-1282-9359.1

12/16/2019 10:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39268759
By: SHANNON NORTH-GONZALEZ
Filed: 12/16/2019 10:41 AM

**CAUSE NO: 2019-82527**

| | | |
|---|---|---|
| BARBARA AND DAVID PATTERSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY AND KEVIN | § | |
| BROOKS, | § | |
| *Defendants.* | § | 215TH JUDICIAL DISTRICT |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its Original Answer and Request for Disclosures to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

**I.
GENERAL DENIAL**

1.      United Property & Casualty Insurance Company ("UPC" or "Defendant"), asserts a general denial as is authorized under Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs, Barbara Patterson and David Patterson, ("Plaintiffs"), be required to prove their charges and allegations against Defendant by a preponderance of evidence, as is required by the Constitution and law of the State of Texas.

**II.
DEFENSES**

2.      Defendant UPC denies that all of the required conditions precedent were performed and/or occurred.

4842-2820-0878.1

3.      The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiffs, therefore, UPC is not liable to Plaintiffs.

4.      The alleged damages sustained by Plaintiffs did not arise from and were not related to any risk or loss covered under the Policy.

5.      UPC issued a policy of insurance to Plaintiffs Barbara and David Patterson bearing policy number 43100251927801 (the "Policy"), and UPC adopts its terms, conditions, and exclusions as if copied herein *in extenso*.

6.      The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice, or any quality in the property that causes it to damage and/or destroy itself.

7.      The Policy does not cover damage which occurred prior to the Policy's inception or after its expiration.

8.      The Policy does not cover claims or damages arising out of workmanship, repairs, or lack of repairs arising from damage which occurred prior to the Policy's inception.

9.      The Policy does not cover claims or damages arising out of faulty, inadequate or defective designs, specifications, workmanship, maintenance, repair, construction, remodeling, renovation, grading, compaction or materials used in the repair, construction, renovation or remodeling of the property at issue.

10.     The Policy requires direct, physical loss.

11.     UPC is entitled to any credits or set-offs for prior payments by itself or third-parties.

12.     To the extent Plaintiffs' damages are determined to be the result of Plaintiffs' failure to take reasonable steps to mitigate their loss, those damages are not recoverable.

13.     Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to benefit payments under the Policy.

14.     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

15.     Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual Insurance Code claims. Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs' extra-contractual Insurance Code claims.

16.     To the extent Plaintiffs have failed to carry their burden to segregate the damage attributable solely to loss event referenced in the Original Petition, those damages are not recoverable.

**III.**
**REQUEST FOR DISCLOSURES**

17.     Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

**IV.**
**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that Plaintiffs BARBARA and DAVID PATTERSON take nothing by their suit, that Defendant recover costs, and for such other and further relief, both at law or in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be entitled.

4842-2820-0878.1

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    David A. Talbot, III
    Texas State Bar No. 24037580
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    david.talbot@lewisbrisbois.com
    ATTORNEYS FOR DEFENDANT,
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure by electronic filing, certified mail, regular mail, and/or facsimile on this 16ᵗʰ day of December, 2019.

Chad T. Wilson                           *Via E-Service: eservice@cwilsonlaw.com;*
Thomas J. Landry                              *cwilson@cwilsonlaw.com;*
CHAD T. WILSON LAW FIRM, PLLC                *tlandry@cwilsonlaw.com*
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
*Attorneys for Plaintiffs*


                                        */s/ David A. Talbot, III*
                                        David A. Talbot, III